1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  BRIAN C. KINNEY, State Bar No. 245344
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5255
     Fax: (415) 703-5843
8    Email: Brian.Kinney@doj.ca.gov

9  Attorneys for Respondent Ben Curry, Warden at the
   Correctional Training Facility
10

11
                IN THE UNITED STATES DISTRICT COURT
12
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                         SAN FRANCISCO DIVISION
14

15
   | JUSTINO R. VIVAR, | C07-3832 JSW |
   |---|---|
   | Petitioner, | RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
   | v. | |
   | BEN CURRY, Warden, | |
   | Respondent. | Judge: The Honorable Jeffrey S. White |

21     TO PETITIONER JUSTINO R. VIVAR, IN PRO PER:

22     PLEASE TAKE NOTICE that Respondent moves to dismiss the Petition for Writ of Habeas

23  Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the

24  United States District Courts, on the ground that the petition is brought beyond the statute of

25  limitations. This motion is based on the notice and motion, the supporting memorandum of

26  points and authorities and exhibits, the petition for writ of habeas corpus, the court records in this

27  action, and other such matters properly before this Court.

28  / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner Justino Vivar is a California state prisoner proceeding pro per in this matter. Vivar is lawfully in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his conviction for second-degree murder with the use of a deadly weapon, for which the court sentenced him to serve sixteen years to life. (Ex. A, Abstract of Judgment.) In this petition, Vivar challenges the Board of Parole Hearings' May 12, 2005 decision denying him parole. (Pet. at p. 1.) The petition should be dismissed because Vivar filed it beyond the one-year statute of limitations.

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED AFTER THE ONE-YEAR STATUTE OF LIMITATIONS LAPSED.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Accordingly, AEDPA applies to this petition.

AEDPA enacted a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, 28 U.S.C. § 2244(d)(1), only one of which is relevant to this case. *See id.*; *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding sub-paragraph D of 28 U.S.C. § 2244(d)(1) applies to a habeas petition challenging an administrative parole denial). Specifically, the one-year limitations period begins to run one day after the date the petitioner could have discovered the "factual predicate" of his federal habeas corpus claim. *Redd*, 343 F.3d at 1082. "[T]he date of the 'factual predicate' . . . is determined independently of the exhaustion requirement by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." *Id.* In the parole context, the finality of the parole board's denial is the factual predicate of petitioner's claim that the decision violated due process. *Id.*

Here, the Board's decision became final on September 9, 2005, approximately four months

1  after the Board's tentative May 15, 2005 denial. (Ex. B, Parole Hearing Transcript, at p. 52.)
2  Accordingly, the factual predicate of Vivar's federal claim arose on September 9, 2005, and the
3  limitations period began to run the following day.

4  Under AEDPA, the limitations period is tolled during the pendency of a "properly filed
5  application for State post-conviction or other collateral review with respect to the pertinent
6  judgment or claim." 28 U.S.C. § 2244(d)(2). Generally, this means that the one-year statute of
7  limitations is tolled from the time a California prisoner files his first state habeas petition until
8  the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S.
9  214, 219-20 (2006).

10  Here, Vivar filed his superior court petition on December 20, 2005 — 101 days into the
11  limitations period. (Ex. C, Superior Court Petition.) Thereafter, Vivar exhausted his state court
12  remedies. (Ex. D, Superior Court Opinion; Ex. E, Court of Appeal Petition; Ex. F, Court of
13  Appeal Opinion; Ex. G, Supreme Court Petition; Ex. H, Supreme Court Denial.) The California
14  Supreme Court rendered the final state court denial on October 11, 2006. (Ex. H.) However,
15  Vivar waited another 288 days to file his federal petition. (Pet., dated July 26, 2007.) Thus,
16  when excluding the applicable tolling periods, Vivar still took 389 days to bring his federal
17  claim. As a result, this Court should deny the petition because Vivar exceeded the one-year
18  statute of limitations period.

19  **A.  Vivar Is Not Entitled to Equitable Tolling.**

20  In very rare cases, the one-year statute of limitations for filing a federal habeas petition may
21  be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it
22  impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).
23  Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable
24  tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at
25  799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks
26  omitted). The burden is on the petitioner to prove that "extraordinary circumstances were the
27  cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). A pro
28  se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.                *Vivar v. Curry*
                                                                                      C07-3832 JSW

1 warranting equitable tolling; nor is an attorney's general negligence. *Raspberry v. Garcia*, 448
2 F.3d 1150, 1154 (9th Cir. 2006); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Here,
3 Vivar has not alleged or otherwise established any circumstances as the cause of his
4 untimeliness. Accordingly, he is not entitled to equitable tolling.
5 ///
6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

AEDPA requires a petitioner to file his federal habeas petition within one year of his claim. Vivar failed to meet this requirement and he is not entitled to equitable tolling. As a result, Respondent respectfully requests that this Court dismiss the petition.

Dated: February 15, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General


/S/ BRIAN C. KINNEY
BRIAN C. KINNEY
Deputy Attorney General
Attorneys for Respondent

40216048.wpd
SF2007403227

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.

*Vivar v. Curry*
C07-3832 JSW

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Justino R. Vivar v. Ben Curry, Warden**

Case No.:    **C07-3832 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 15, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Justino R. Vivar  (C-87891)
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 15, 2008**, at San Francisco, California.

| R. Panganiban | /S/R. Panganiban |
|---|---|
| Declarant | Signature |

40219013.wpd