# EXHIBIT D

F I L E D
Clerk of the Superior Court

MAR 1 4 2006

BY: C. KOGER

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF: | ) HCN 842 <br> ) CRV9113 <br> ) <br> ) <br> ) ORDER DENYING <br> ) PETITION FOR WRIT OF <br> ) HABEAS CORPUS |
| JUSTINO VIVAR, | |
| Petitioner. | |

THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS, AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

On April 19, 1984 Petitioner plead guilty to one count of Penal Code Section 187, second degree murder, with a Penal Code Section 12022(b) allegation. Petitioner appeared before the Board of Prison Terms for a determination of his parole eligibility on May 12, 2005 and was found ineligible for parole.

Petitioner now asserts that the Board of Prison Terms (BPT) has improperly failed to grant him a release date after his most recent parole eligibility hearing. Petitioner contends the BPT improperly failed to consider any current or recent evidence regarding his present dangerousness and based its decision almost entirely on his commitment offense. Petitioner asserts that the BPT characterizes all murders as involving a callous disregard for human suffering. He asserts that the offense must be particularly egregious compared to other murder cases before the Board can deny parole based on this.

In addition, Petitioner is now asserting that he acted in self defense after being stabbed by the

-1-

victim. This contention, however, was not made at Petitioner's parole hearing and was not considered by the Board in its decision. Petitioner was given an opportunity to object or add to the finding of fact and he chose not to; when asked if the facts as read were a true reflection of what happened, Petitioner said "yes." It is clear from the record that Petitioner understood his ability to question the findings of fact at the hearing; Petitioner specifically denied the assertion that he stood by watching as his brother killed a second victim with a machete.

"Courts must not second-guess the Board's evidentiary findings. (Powell, supra, 45 Cal.3d at p. 904.) However, it is the proper function of judicial review to ensure that the Board has honored in a "practical sense" the applicant's right to "due consideration." (Sturm, supra, 11 Cal.3d at p. 268.) This function is best served by examining the Board's parole suitability rulings under a deferential abuse of discretion standard. The Board's decision should not be disturbed unless it has acted arbitrarily or capriciously. Particular deference must be accorded to the Board's factual determinations, which need only be supported by some evidence." In re Ramirez (2001) 94 Cal.App.4th 549, 564.

In In re Ramirez (2001) 94 Cal.App.4th 549 the Petitioner was denied a parole release date after numerous hearings. The appellate Court found that the denial was arbitrary and capricious because the BPT considered only Petitioner's commitment offense and failed to consider Petitioner's performance in custody or his progress as noted in a psychological report. However, the appellate Court also found the trial Court erred by reconsidering the evidence instead of remanding the matter to the BPT to hold another hearing where it would consider the factors it had previously failed to consider.

Here Petitioner is unlike Ramirez. The BPT considered many factors and did not focus solely on his life crime. Specifically, the BPT considered Petitioner's prior criminal history, prior social history, behavior since commitment, participation in programming since commitment, progress since his last hearing, psychological reports, and his parole plans. The BPT commended many of Petitioner's advancements, including participation in AA, completion of vocational training, and being disciplinary free. However, the BPT found that the positive aspects of Petitioner's behavior did not outweigh the factors of unsuitability.

Petitioner's crimes were especially cruel and callous compared to other murders. In response to an insult, Petitioner used a knife to kill the victim, repeatedly striking the victim after he was already injured.

-2-

The offense was carried out in a very dispassionate and calculated manner that showed a total disregard for human suffering; the victim was abused, defiled, and mutilated during the offense. Although the most recent psychiatric report states that Petitioner's current potential for violence is average, that was found to be only a recent gain and based upon whether or not he would not drink. Petitioner is an alcoholic who at the time of the killing had a BAC of .26. While Petitioner has plans upon release on parole it is not clear whether they are concrete. Petitioner also needs to complete his GED and participate in more self-help.

The BPT considered many legitimate factors other than Petitioner's commitment offense when he was denied parole. Further, Petitioner's commitment offense was particularly cruel and callous. There was nothing arbitrary or capricious about their denial of parole. Petitioner has failed to make a prima facie showing of specific facts which would entitle him to habeas corpus relief under existing law. In re Hochberg (1970) 2 Cal.3d 870, 875 fn 4. As such, the Petition for Writ of Habeas Corpus is hereby denied.

IT IS SO ORDERED.

DATED: March 13, 2006

JOAN P. WEBER
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409<br>FAMILY COURT BUILDING, 1501-55 SIXTH, SAN DIEGO, CA 92101-1946<br>X NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92081-6627<br>EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913<br>SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694<br>JUVENILE DIVISION, 2851 MEADOW LARK, SAN DIEGO, CA 92123-2792 | COURT USE ONLY<br><br>FILED<br>Clerk of the Superior Court<br><br>MAR 1 4 2006<br><br>BY: C. KOGER |
|---|---|
| PLAINTIFF(S)   PEOPLE OF THE STATE OF CALIFORNIA | |
| DEFENDANT(S) JUSTINO VIVAR | JUDGE: JOAN P. WEBER<br>DEPT:  20 |
| CLERKS CERTIFICATE OF SERVICE BY MAIL<br>(CCP 1013a(4)) | CASE NUMBER<br>HCN0842 / CRV9113 |

I, MICHAEL RODDY, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

| ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
|---|
| |

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:
San Diego  X Vista   El Cajon   Chula Vista, California.
NAME & ADDRESS

| JUSTINO VIVAR C-87891 | |
|---|---|
| P.O. BOX 689-YW-134-up | |
| SOLEDAD, CA 93960 | |
| | |
| KELLY RAND | |
| BY INNER OFFICE ENVELOPE TO N-160 | |
| APPEALLATE DIVISION | |
| 325 S. MELROSE DRIVE | |
| VISTA, CA 92081 | |

MICHAEL RODDY
CLERK OF THE SUPERIOR COURT

| Date: 3-14-06 | By *Chris Koger* | , Deputy |
|---|---|---|
| | CHRIS KOGER | |

CLERKS CERTIFICATE OF SERVICE BY MAIL
SUPCT CIV-286(Rev. 3-94)