# EXHIBIT F

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
JUN 0 6 2006
Court of Appeal Fourth District

In re JUSTINO VIVAR

on

Habeas Corpus.

D048435

(San Diego County
Super. Ct. No. CR 9113)

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Benke, Huffman and McIntyre.

In 1984 Justino Vivar pleaded guilty to one count of second degree murder. The court sentenced him to an indeterminate term of 15 years to life. At a May 2005 parole consideration hearing, the Board of Prison Terms (Board) found Vivar unsuitable for parole. The Board reasoned Vivar committed the murder in a cruel and callous manner and the motive for the crime was inexplicable and trivial in relationship to the offense.

Vivar asserts he has not received the benefit of reduced punishment for pleading guilty to second degree murder. He claims he is being denied due process because the Board continues to rely almost entirely on the unchanging circumstances of the commitment offense to deny him parole and it did not consider evidence concerning his present dangerousness. Specifically, Vivar states the Board did not consider that he completed numerous self-help programs, he has remained disciplinary-free while in prison and he has definite plans for when he is deported to Mexico.

In addition, Vivar asserts he acted in self-defense because the victim stabbed him first. Vivar, however, did not raise this assertion at the parole hearing. The Board did not consider it and the record shows when the Board asked Vivar if the facts of the crime as read were a true reflection of the crime, he replied yes.

As relates to suitability for parole, the Board must grant parole unless it determines that public safety requires a lengthier period of incarceration for the

individual because of the gravity of the offense underlying the conviction (Pen. Code, § 3041, subd. (b).) "[P]arole applicants in this state have an expectation that they will be granted parole unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation." (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 653.) "[T]he judicial branch is authorized to review the factual basis of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation." (*Id.* at p. 658.) "Only a modicum of evidence is required." (*Id.* at p. 677.) "It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole." (*Ibid.*)

The facts of the case as recited at the hearing are: Vivar and several other illegal immigrants gathered at an avocado grove on New Year's Eve in 1983. Vivar and the other immigrants drank large amounts of alcohol. A fight broke out between Vivar's brother and victim Amadeo Martinez. Vivar's brother repeatedly stabbed Martinez with a machete. Vivar joined in and repeatedly stabled the victim. Witnesses stated Vivar continued to stab Martinez even after Martinez was lying on the ground. Martinez died from massive hemorrhaging due to stab wounds to the chest, throat and head.

The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole, so long as the Board does not fail to consider all other relevant factors. (*In re Ramirez* (2001) 94 Cal.App.4th 549, 569.) The Board must make a case-by-case ruling on parole suitability within the proportionality contemplated in Penal Code section 3041, subdivision (c). (*In re Rosenkrantz, supra,* 29 Cal.4th at p. 683.)

The facts of Vivar's crime constitute some evidence to support the Board's finding that the motive for the murder was trivial and that Vivar showed disregard for the life of another. Vivar repeatedly stabbed a man to death over a verbal argument and continued to stab the victim after he fell to the ground. The Board's reliance on Vivar's history as an alcoholic and the absence of a GED also supports the unsuitability finding.

The petition is denied.

*[signature: Benke]*
BENKE, Acting P. J.

Copies to: All parties

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Stephen M. Kelly, Clerk of the Court,

_Rita Rodriguez_                    6-6-06
Deputy Clerk                        Date

CASE NUMBER: D048435

| | |
|---|---|
| Office of the Clerk<br>San Diego County Superior Court<br>P.O. Box 120128<br>San Diego, CA 92112-0128 | Material Sent YES: ✓ |
| Justino Vivar<br>C87891<br>P.O. Box 689<br>YW-134-up<br>Soledad, CA 93960 | Material Sent YES: ✓ |
| Office Of The State Attorney General<br>Scott C. Taylor<br>P.O. Box 85266<br>San Diego, CA 92186-5266 | Material Sent YES: ✓ |
| Office Of The District Attorney<br>Appellate Division<br>P.O. Box X-1011<br>San Diego, CA 92112 | Material Sent YES: ✓ |

serv