IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO VIVAR, ) | |
| ) | No. C 07-3832 JSW (PR) |
| Petitioner, ) | |
| ) | **ORDER DENYING MOTION TO** |
| v. ) | **DISMISS PETITION** |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | (Docket No. 9) |
| Respondent . ) | |
| _____ ) | |

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Parole Hearings ("BPH") to deny him parole. The Court issued an order to show cause and on February 15, 2008, Respondent filed a motion to dismiss the petition on the grounds that it is untimely (docket no. 9). Petitioner has filed an opposition to the motion (docket no. 10). The motion is now before the Court for consideration on the merits.

## BACKGROUND

In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the May 12, 2005 decision of the BPH to deny him parole violates his constitutional rights.

On May 12, 2005, Petitioner appeared before the BPH, where he was denied parole after a hearing. Petitioner was given an oral two year denial of parole, and, at the bottom of the transcript of that hearing, Petitioner was notified that the decision would be final on September 9, 2005. *See,* Exhibit B in Support of Motion to Dismiss at Decision Page 7.

On December 20, 2005, 101 days later, Petitioner filed a habeas petition in the San Diego County Superior Court. That petition was denied on March 14, 2006.

On April 17, 2006, Petitioner filed a habeas petition in the California Court of Appeal that was denied by that court on June 6, 2006.

On June 24, 2006, Petitioner filed a petition for review of the Court of Appeal's denial in the Supreme Court of California, that was denied on October 11, 2006.

Petitioner filed his federal habeas petition in this Court on July 26, 2007, after an additional 288 days had passed.

## RESPONDENT'S MOTION TO DISMISS AS UNTIMELY

Respondent argues that the petition must be dismissed because it was not filed within one year of the date on which the "factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D). Respondent contends that the factual predicate for Petitioner's claims is September 9, 2005, the date Petitioner was informed at his hearing before the BPH that the decision finding him unsuitable for parole would become final. Respondent argues that the petition is untimely because Petitioner took 389 days of time not subject to tolling in which to bring his habeas petition, exceeding the one-year statute of limitations by 24 days.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In most cases, the one year limitations period will start on the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review, but the limitations period may start on a later date. *See* 28 U.S.C. §

2244(d)(1)(A)-(D). Section 2244(d)(1)(D) applies to claims by prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).

There is limited authority interpreting § 2244(d)(1)(D) regarding what constitutes "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time period generally begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim).

In a case where a prisoner challenged the parole board's decision to find him unsuitable for parole, the Ninth Circuit found that the limitations period began to run when the Board of Parole Terms ("BPT") (which preceded the current BPH) denied the prisoner's administrative appeal challenging the BPT's unsuitability decision. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). The "factual predicate" was determined to be the date on which the administrative appeal board denied the prisoner's administrative appeal, rather than the date the state habeas petition was denied. *See id.* at 1082. The administrative appeals process within the BPH was subsequently abolished. In *Redd,* the Ninth Circuit focused on petitioner's awareness of the Board's final decision after the administrative appeal concluded in determining the factual predicate for the claim. *Redd,* 343 F.3d at 1082.

This Court finds that the statute of limitations began to run when the BPH's decision became final, on September 9, 2005. Therefore, section 2244(d)'s one-year limitation period accordingly began running against Petitioner the day after and Petitioner had one year from that date to file a timely habeas petition. However, Petitioner filed his federal petition almost two years later, on July 27, 2007. Therefore, the petition is untimely unless Petitioner is entitled to tolling of the limitations period.

Ordinarily, the one-year limitation period is tolled under § 2244(d)(2) from the time a California prisoner files his first state habeas petition until the Supreme Court of California rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2006). Here, that would mean that the limitation period would be tolled from December 9, 2005, when Petitioner filed his state habeas petition in state superior court, to October 11, 2006, when the Supreme Court of California denied his final petition. *See Redd*, 343 F.3d at 1084 (prisoner challenging administrative decision receives statutory tolling under § 2244(d)(2) for the period when state habeas petitions are pending).[1]

In this case, Petitioner contends in his opposition to the motion, sworn to under penalty of perjury, that he gave the petition to prison authorities for mailing around the date he signed it, May 22, 2007 and "not later than May 25, 2007(.)" Opposition at 2. Petitioner contends that the petition was in an envelope addressed to this Court and that he had attached a trust account withdrawal form to the outside in order to pay for the postage. *Id.* Petitioner swears that when he gave Correctional Counselor Peabody the envelope, he told him to mail it to the Court along with the five dollar filing fee and/or a certificate in support of Petitioner's *in forma pauperis* motion. *Id.* Petitioner has also attached to his opposition a copy of his outgoing legal mail log, which reflects that he sent a document to this Court on July 20, 2007. Exhibit A at 2. Petitioner argues that based on his actions in providing his petition to prison officials on or before May 25, 2007 for filing, the petition should be found timely, as it was filed within the one year limitations period. Respondent has not filed a reply, or provided any factual allegations contrary to those in Petitioner's opposition to the motion to dismiss.

The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus under the AEDPA. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). To benefit from the mailbox rule, a prisoner must meet two

---

[1]The Supreme Court of California's October 11, 2006 order denying the petition was final on filing. *See* Cal. Rule of Court 29.4(b)(2).

requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

The mailbox rule does not require the prisoner to mail his documents by a procedure that causes a log to be kept, *see Koch v. Ricketts*, 68 F.3d 1191, 1193 & n.3 (9th Cir. 1995), such as a mail log or certified mail, *see id.* (mail log); *Caldwell v. Amend*, 30 F.3d 1199, 1203 (9th Cir. 1994) (certified mail). Rather, timely filing may be shown by a notarized statement or by a declaration by the prisoner setting forth the date of deposit and stating that first-class postage has been prepaid. *See Koch*, 68 F.3d at 1193. The burden then shifts to the opposing party to produce evidence in support of a contrary factual finding. *See id.* at 1194 (where prison does not produce direct evidence of date of filing, otherwise uncontroverted evidence of plaintiff's declaration and court file stamp date unrefuted); *see also Caldwell*, 30 F.3d at 1203 (government must present sufficient evidence to rebut prisoner's sworn declaration that he placed envelope in depository set aside for legal mail in timely manner).

In this case, Petitioner has filed a sworn declaration attesting to giving his petition to prison authorities for mailing on or before May 25, 2007. Although there is an unexplained delay of almost two months before the prison documented receipt and mailing of Petitioner's filing in the outgoing mail log, Respondent has not come forward with any allegations that counter those in Petitioner's opposition. Therefore, the Court finds that Petitioner has established his entitlement to the "mailbox rule" and that the instant petition was handed to prison authorities on or before May 25, 2007. As such, the petition is timely and the motion must be DENIED.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is DENIED (docket no. 9). In order to expedite these proceedings, the Court's previous order to show cause is reinstated and Respondent is ordered to file an answer within 60 days of the date of this order. Petitioner may file a traverse, if he so chooses, within 30 days of receiving Respondent's answer.

IT IS SO ORDERED.   *Jeffrey S White*

1
2   DATED: September 3, 2008                   _____
                                               JEFFREY S. WHITE
3                                              United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27              UNITED STATES DISTRICT COURT
28                      FOR THE
                NORTHERN DISTRICT OF CALIFORNIA

JUSTINO R. VIVAR,

    Plaintiff,

v.

BEN CURRY et al,

    Defendant.

           /

Case Number: CV07-03832 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Justino R. Vivar
C87891
P.O. Box 689
Soledad, CA 93960

Dated: September 3, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk