IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO VIVAR, | No. C 07-3832 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer and a memorandum of points and authorities in support of the answer. He also lodged the record with the Court. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

Petitioner pleaded guilty in Los Angeles County Superior Court to second degree murder. He was sentenced to a prison term of fifteen years to life in May of 1984. In this habeas action Petitioner contends that the denial of parole by the Board of Prison Hearings on May 12, 2005, violated his federal constitutional right to due process.

Petitioner raised the claims he presents here in state habeas petitions. They were denied by the superior court and by the court of appeal with reasoned opinions. (Ex. D, F.)[1] The California Supreme Court denied review of the court of appeal's denial.

---

[1] Citations to "Ex." are to the exhibits making up the record lodged by the Attorney General.

# DISCUSSION

## I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

## II. Respondent's Claims

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process

2

protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### III. Petitioner's Claims

As grounds for federal habeas relief, Petitioner contends that (1) there was no evidence to support the denial; (2) the California courts reviewing the denial failed to apply California contract law to his claim that his plea agreement was breached; (3) the Board breached his plea agreement; and (4) his due process right to fair notice was violated by an unforeseeable judicial construction of the parole statute.

#### 1. "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

The Ninth Circuit has held that it violates due process to deny parole when there is not "some evidence in the record" to support the denial or if the denial is "otherwise arbitrary." *Irons*, 479 F.3d at 662 (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some

3

1  evidence standard is minimal, and assures that "the record is not so devoid of evidence
2  that the findings of the disciplinary board were without support or otherwise arbitrary."
3  *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

4  It is now established under California law that the task of the Board of Parole
5  Hearings and the governor is to determine whether the prisoner would be a danger to
6  society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008).  The
7  constitutional "some evidence" requirement therefore is that there be some evidence that
8  the prisoner would be such a danger, not that there be some evidence of one or more of
9  the factors that the regulations list as factors to be considered in deciding whether to
10 grant parole. *Id.* at 1205-06.

11 The nature of the offense was one basis for the Board's conclusion that Petitioner
12 would be a danger to society if paroled.  At the hearing the presiding commissioner read
13 the following summary of the facts of the crime into the record.  When asked, Petitioner
14 stated that he agreed with facts as read.  (Ex. B at 13.)

> I'm going to look at the Statement of Facts as they're spelled briefly in the probation officer's report on page two and this says:
>
> "On December 31st, 1983, sometime between two p.m. and 11 p.m., several illegal aliens were celebrating the oncoming New Year in an avocado grove southeast of 1865 Idaho Avenue in Escondid, California.  The group was seated around a campfire and all had consumed considerable amounts of alcoholic beverages.  One witness recalled the group breaking up into two factions with a series of insults being hurled back and forth between the two groups.  Subsequently, a fight broke out and between – broke out between Amadeo Morales Martinez and his codefendant Gadencio Vivar, . . . . codefendant Vivar repeatedly stabbed the victim wiht a machete and was soon joined by the defendant who proceeded to repeatedly stab the victim.  One witness, while escaping from the area, noted that the victim was lying on the ground with his head tilted back and his eyes wide open.  Nonetheless, both the defendant and codefendant continued to hit and hack away at the victim.  Another witness recalled that [*sic*] the defendant and codefendant striking out at the victim while he was only attempting to protect himself and fend off the blows.  This witness described the codefendant and defendant as, quote, 'violent,' End quote, when the were intoxicated."
>
> And then the witness contacted a local rancher, who called the police, and Mr. Martinez was already dead when the got to the scene.

4

> "And the subsequent autopsy revealed no less than nine stab wounds to the victim's chest and throat. Additionally, the autopsy revealed no less than 25 wounds inflicted by the machete on the victim's arms, back, and head. The victim's left ear was missing as a result of one of these blows. The cause of death was cited as massive hemorrhage due to external lacerations, introthorasic massive – introthorasic lacerations, laceration to carotid artery, and a stab wound severing the victim's aorta. The examining pathologist also noted that the victim had suffered lacerations and hemorrhage to the brain due to numerous blows to the head. Additionally, the victim had a blood alcohol level of .17 percent."

(Ex. B at 13.)

At the time of the hearing in 2005 Petitioner was forty-seven years old and had served just short of twenty-one years on his sentence of fifteen years to life. This significant passage of time certainly reduces the evidentiary value of the offense itself, but the Court concludes that the circumstances of the offense, which were exceptionally brutal and inexplicable, still amount to "some evidence." In addition, as the Board noted, Petitioner had failed to get his GED, suggesting a certain lack of application as well as increasing the chance that he would relapse into crime if unemployable when released (*id.* at 26-27, 48); for another, Petitioner's psychological evaluation from 2002 rated his potential for violence if released at "slightly higher than the average citizen" (*id.* at 32), whereas the 2004 evaluation for the present hearing listed his potential for violence if released as "no more than the average citizen" (*id.* at 31). As the Board noted, this gain was "recent" (*id.* at 48), so the 2002 evaluation still constitutes some evidence.

There was "some evidence" to support the denial. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial). And even if there was not "some evidence" to support it, it certainly was not unreasonable for the state courts to conclude that there was. This claim is without merit.

**2.   Construction of Plea Agreement**

Petitioner contends that the California courts did not apply, or did not properly apply, California contract law to construe his plea agreement.

5

Federal habeas relief is available only for violations of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). It is not available for violations of state law, such as Petitioner alleges in this issue. To the extent Petitioner has a federal claim, it is that the plea bargain was breached, which is discussed below.

This claim presents no basis for habeas relief.

### 3. Breach of Plea Bargain

Petitioner contends that by implication his plea bargain incorporated California law as it existed at the time of the agreement, and that the Board has breached the plea bargain by not applying that law.

A defendant has a due process right to enforce the terms of his plea agreement. *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (*en banc*). When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

However, the Ninth Circuit has held that California contracts, including plea agreements, are "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." *Davis v. Woodford*, 446 F.3d 957, 962 (9th Cir. 2006) (quoting *People v. Gipson (In re Gipson)*, 117 Cal. App. 4th 1065, 1070 (2004)). *Davis* disposes of Petitioner's argument.

Petitioner also may be trying to present a claim that by denying him parole the Board has breached the plea bargain by treating him as if he had been convicted of first-degree murder.

In California, a sentence of years-to-life is a life sentence until the parole board decides that the prisoner is suitable for parole. *In re Dannenberg*, 34 Cal. 4th at 1082-83. Petitioner was sentenced to a term of fifteen years to life. First degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal.

6

Penal Code § 190(a). Petitioner received parole consideration before he had served fifteen years, long before he would have been considered for parole if he had been convicted of first degree murder and sentenced to twenty-five years to life, and of course he has avoided the possible penalties of life without parole or the death penalty. He is not being treated as if he had been convicted of first degree murder.

In this section Petitioner also refers to the "matrix," regulations that attempt to set specific sentences for indeterminate prisoners such as Petitioner, rather like the federal sentencing guidelines. California law, however, is that the Board is under no duty the apply the matrix if it finds that the prisoner is unsuitable for parole. *Dannenberg*, 34 Cal. 4th at 1071. "The Legislature has not disturbed the Board's long-standing formal policy that a determination of individual suitability must precede the setting of a "uniform" parole release date." *Id.* "The BPT acts properly in determining unsuitability, and the inmate receives all constitutional process due, if the Board provides the requisite procedural rights, applies relevant standards, and renders a decision supported by "some evidence." *Id.*

Habeas relief will be denied on this claim.

**4.     Fair Notice**

Petitioner contends that California has "overruled" by judicial construction much of Section 3041 of the California Penal Code, relating to grants of parole, and various regulations. He asserts that this has the effect of lengthening his sentence and thus violates his due process rights as established in *Bouie v. City of Columbia*, 378 U.S. 347 (1964).

Although retroactive increases in the scope of criminal liability by judicial construction are barred by the Fourteenth Amendment Due Process Clause, retroactive sentence enhancements by judicial construction do not violate due process. *United States v. Newman*, 203 F.3d 700, 703 (9th Cir. 2000); *see also Holgerson v. Knowles*, 309 F.3d 1200, 1203 (9th Cir. 2002) (holding that the Supreme Court has not clearly established that retroactive sentence enhancements by judicial construction violate due

7

process); *cf. United States v. Hosoi*, 314 F.3d 353, 355 (9th Cir. 2002) (per curiam) (holding that decision in *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002), regarding constitutionality of mandatory minimum sentencing term, applies retroactively) ("Retroactive application of judicial decisions is the rule, not the exception").

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 27, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\JSWALL\Pro-Se Prisoner\2007\Vivar3832.RUL.wpd

8

<div style="margin-left: auto; margin-right: auto; text-align: center;">

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| JUSTINO R. VIVAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEN CURRY et al,<br><br>　　　　Defendant. | Case Number: CV07-03832 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Justino R. Vivar
C87891
P.O. Box 689
Soledad, CA 93960

Dated: April 27, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk